**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5080-14T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ERNEST JEROME DUBOSE,

     Defendant-Appellant.

_____

     Submitted September 20, 2017 — Decided September 26, 2017

     Before Judges Haas and Rothstadt.

     On appeal from Superior Court of New Jersey, Law Division, Morris County, Indictment No. 11-06-0075.

     Joseph E. Krakora, Public Defender, attorney for appellant (Alison Perrone, Designated Counsel, on the brief).

     Christopher S. Porrino, Attorney General, attorney for respondent (Emily R. Anderson, Deputy Attorney General, of counsel and on the brief).

     Appellant filed a pro se supplemental brief.

PER CURIAM

    A Morris County grand jury charged defendant in a five-count indictment with second-degree conspiracy, N.J.S.A. 2C:5-2 (count

one); second-degree official misconduct, N.J.S.A. 2C:30-2(a) (count two); second-degree bribery in official and political matters, N.J.S.A. 2C:27-2(c) (count three); second-degree attempted theft by deception, N.J.S.A. 2C:20-4(a) (count four); and second-degree false contract payment claims, N.J.S.A. 2C:21-34(a) (count five). Following a thirteen-day trial, the jury convicted defendant of all of the charges. The trial judge sentenced defendant to six years in prison on count one, and concurrent six-year terms on counts two, three, four, five. This appeal followed.

On appeal, defendant raises the following contentions:

POINT ONE

DEFENDANT'S CONVICTIONS MUST BE REVERSED BECAUSE THE TRIAL JUDGE IMPROPERLY SUPPLEMENTED THE MODEL JURY CHARGES BY PROVIDING THE JURY CONFUSING, SUPPLEMENTAL DEFINITIONS OF KEY LEGAL TERMS. (Not Raised Below).

POINT TWO

THE SIXTEEN-DAY BREAK IN THE MIDST OF JURY DELIBERATIONS DEPRIVED DEFENDANT OF HIS RIGHT TO A FAIR TRIAL.

In a pro se supplemental brief, defendant presents the following arguments:

POINT ONE

DEFENDANT'S CONVICTION MUST BE REVERSED BECAUSE HIS SIXTH AMENDMENT CONSTITUTIONAL

A-5080-14T4

RIGHTS AND <u>N.J.S.A.</u> [sic] CONST. ART 1[,] PARAGRAPH 10 RIGHT TO CONFRONT WHERE [sic] DENIED.

[POINT] TWO

DEFENDANT'S ORDER TO PAY RESTITUTION SHALL BE REVERSED AS THE STATE WAS NOT A VICTIM WHO SUFFERED A LOSS. THE MONEY SPENT BY THE STATE WAS TO OBTAIN EVIDENCE.

POINT THREE

THE SIXTEEN DAY BREAK IN THE MIDST OF JURY DELIBERATIONS DEPRIVED DEFEND[ANT] OF HIS RIGHT TO A FAIR TRIAL.

We find insufficient merit in these contentions to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2). We add the following brief comments.

During the jury's deliberations, it asked for definitions of the terms "conscious object" and "criminal state of mind" as used in the Model Jury Charges for the offenses defendant faced. The trial judge consulted with defendant[1] in the preparation of an appropriate response, and defendant raised no objection to the clear and fully responsive supplemental instruction the judge gave to the jury. Under these circumstances, we discern no error, much less plain error, in the judge's supplemental instruction. <u>State v. Baum</u>, 224 <u>N.J.</u> 147, 159 (2016).

---

[1] Defendant represented himself at trial with the assistance of standby counsel.

We likewise find no merit in defendant's claim that a scheduled sixteen-day break in the midst of the jury's deliberations deprived him of his right to a fair trial. At the outset of the trial, the judge advised the parties and the prospective jurors that if the trial did not finish on April 2, 2015, there would be a break in the proceedings until April 20, 2015 due to various scheduling conflicts.

Prior to excusing the jurors at the end of the day on April 2, the judge carefully instructed them not to deliberate or talk about the case until they returned on April 20. When the jurors reported to court after the break, the judge thoroughly questioned each juror individually to ensure that his instructions had been followed. The judge also afforded defendant the opportunity to ask follow-up questions, but he declined to do so. Therefore, we reject defendant's contention on this point.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5080-14T4